886 F.2d 1317
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marshall ALSTON, Defendant-Appellant.
 No. 89-5104.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal arises out of the conviction of defendant Marshall Alston by a jury on charges of possession of marijuana at the Memphis International Airport. Approximately nine pounds of marijuana was discovered in Alston's baggage which he was taking through Customs, having arrived on a flight from Jamaica.
 
 
 2
 Customs inspectors felt that circumstances pertaining to Alston were suspicious and took him to a private room to search his person. While Mr. Alston was being searched by one agent of the United States Customs another agent found the marijuana in a garment bag that Alston had been carrying and left on the counter. The marijuana had been sewn into the lining of the bag between two slabs wrapped in platic tape.
 
 
 3
 After his arrest Mr. Alston told Customs agents that a friend had borrowed the bag from him and had advised him that if he returned the bag to New York he would be paid $1,000.00. At trial Alston denied making this statement and his principal basis of appeal is that he was not personally present when the search took place and finding the quantity of marijuana valued at approximately $10,000.00.
 
 
 4
 We find the basis of Alston's defense to be without merit. Customs officials may conduct warrantless border searches at initial point of entry without probable cause or even articulate suspicion. United States v. Montoya deHernandez, 473 U.S. 531 (1985). There is no legal requirement that a search for contraband by Customs agents be conducted in the presence of the apparent owner of the item questioned. See United States v. Gonzalez, 483 F.2d 223 (2d Cir.1973).
 
 
 5
 Finding no error in the proceedings challenged and in the actions of the district court, we AFFIRM the conviction and the sentence in all respects.